IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS BAILEY,

   Petitioner,

v.

WARDEN NBCI FRANK BISHOP,
SECRETARY (DOC) R.L. HARRIS,
COMMISSIONER (DOC) LaVALE,
BUREAU OF PRISON (BOP),

   Respondents.

Civil Action No.: PX-19-1518

**MEMORANDUM OPINION**

Previously, this Court granted Petitioner Thomas Bailey leave to supplement the Eighth Amendment claim raised in his original Complaint. Bailey has filed three supplemental pleadings (ECF Nos. 5, 8 and 9) and a Motion to Proceed in Forma Pauperis. ECF No. 6. Because Bailey appears to be indigent, the in forma pauperis motion shall be granted.

The Petition, as supplemented, now seems to be challenging the validity of sentences that he received in State and Federal court, rather than the Eighth Amendment claim referenced in his original pleading. ECF No. 5 at p. 7. However, reading the pleadings most favorably to Bailey, the Court cannot discern any actionable claims. ECF No. 5. Bailey references generally the "supremacy clause federal/state legislation conflict of interest <u>double punishment</u> & Grand or Petit Jury verdict cannot render guilty conjecture <u>no facts</u> nor <u>evidence shown proof</u> of career off. Enhancement book test. Civil and criminal contempt (federal) <u>split</u> (state) sentences not found!" ECF No. 5. As relief, Bailey seeks "correction of commitment or conviction and sentence" to enable him to transfer to a mental health treatment facility for evaluation before his release. Id. at p. 8.

Bailey's second supplement to the Petition seems to assert that he should have been found not criminally responsible for first-degree rape and related offenses tried in the state. ECF No. 8 at pp. 4-5. Bailey describes a host of other purported irregularities related to his criminal case, including that the sexual act was consensual, his defense counsel entered a guilty plea without his consent, and his co-defendant was improperly joined in the case. *Id*. at pp. 5-6. Bailey also references the Uniform Commercial Code in his attempt to argue the impropriety of a prison transfer. Id. at pp. 7-8.

In the third supplemental pleading, styled as a letter to the Court, Bailey states he does not know what this Court wants or how he can prove an injury without access to his medical records, and references his need for treatment. ECF No. 9 at p. 1. Bailey also discusses parole revocation hearings, anti-trust provisions as they relate to insurance, and requirements for imposition of an order of restitution. *Id*. at pp. 2-3. Bailey contends that in an unspecified state civil proceeding, the court erred by revoking bond; and mentions sex offender registration. *Id*. at p. 3. Similar to Bailey's other pleadings, this supplement is largely inscrutable regarding his intended claims.

The Court can discern, however, that Bailey was tried criminally in 1995 and believes he should be permitted to obtain treatment at a mental health facility rather than remain imprisoned, and that he should not serve both state and federal terms of confinement. Although this Court directed Bailey to supplement his Eighth Amendment claim, he appears to have abandoned that claim and now presses claims related to the validity of his current incarceration. For the following reasons, the claims must be dismissed.

On June 13, 2005, Bailey filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. *See Bailey v. Galley, et al.*, Civil Action WDQ-05-1742 (D. Md. 2005)

("*Bailey I*"). In that case, the Court summarized Bailey's State court conviction and subsequent proceedings as follows:

> Bailey was sentenced in the Circuit Court for Harford County to two concurrent prison sentences of life with all but 40 years suspended after a jury convicted him of first degree rape and related offenses. In an unreported opinion filed on December 10, 1996, the Court of Special Appeals of Maryland affirmed the convictions. The mandate issued January 9, 1997. Bailey did not seek certiorari review before the Court of Appeals of Maryland, and his convictions became final on January 24, 1997. *See* Md. Rule 8-302 (requiring that a petition for writ of certiorari be filed not later than fifteen days after the mandate is issued by the Court of Special Appeals). Bailey commenced state post conviction proceedings in the Circuit Court for Harford County on October 12, 1999. He withdrew his post conviction petition, without prejudice, on November 17, 2000. He filed a second post conviction petition on October 24, 2001. The post conviction court held a hearing on the petition on July 19, 2002. By order dated August 9, 2002, the post conviction court denied the petition.
>
> The record does not indicate that Bailey filed for leave to appeal, but it does show that on February 10, 2005, an order was filed by the Court of Special Appeals of Maryland dismissing as untimely his application for leave to appeal. The order of the Court of Special Appeals dismissing the application is dated February 4, 2005, and indicates that Bailey did not file for leave to appeal until January 21, 2005. Under these facts, because Bailey failed to file a timely application for leave to appeal his state post conviction proceedings, the state post conviction process became final on September 11, 2002. *See* Md. Rules 4-408 & 8-204 (providing that an application for leave to appeal shall be filed within 30 days after entry of judgment or order).

*Bailey I* at ECF No. 23, pp. 2-3 (Memorandum Opinion) (record citations omitted).

This Court dismissed Bailey's petition as time-barred because "the limitations period began to run on January 25, 1997 [the day after Bailey's conviction became final] and expired on January 25, 1998." *Id*. at p. 4. Thus, the 2005 Petition was filed well beyond the applicable limitations period and no record evidence supported equitably tolling limitations, especially because "when Bailey initiated state post conviction proceedings on October 12, 1999" the limitations period had already expired. *Id*. at pp. 3, 4.

In this case, Bailey appears to be challenging this same state court judgment. Accordingly, this Petition, construed as seeking a relief pursuant to 28 U.S.C. § 2254, is time-barred for the same reasons discussed in the 2005 opinion.

To the extent Bailey takes issue with the state procedures for parole consideration or release for psychiatric treatment, he has not set out a cognizable federal claim. The United States Constitution does not create a protected liberty interest in the expectation of early release on parole. *Greenholtz v. Inmates of Nebraska Penal & Corr'al Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 20 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Thus, putting to the side the wisdom of Bailey's request for release to obtain psychiatric care, he has simply not pleaded a federal claim.

To the extent that Bailey objects to serving his state and federal sentences consecutively, the claim is also without merit. When "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Dickens v. Stewart*, No. DKC 13-0795, 2014 WL 858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998)). Thus, when, as here, "a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence 'commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.'" *Id.* (quoting *Evans,* 159

F.3d at 912). This is because "[a] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence," unless "the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Evans*, 159 F.3d at 911–12 (citing 18 U.S.C. § 3585(a)). To relinquish or waive primary jurisdiction, a state may "deliver [the prisoner] into federal custody for the purpose of beginning his federal sentence." *Trowell v. Beeler*, 135 F.App'x 590, 594 (4th Cir. 2005).

This Court does not have mandamus jurisdiction over the State of Maryland to require it to deliver Bailey to federal authorities for purposes of serving his federal sentence. *See* 28 U.S.C. § 1361 (granting federal district courts original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner); *see also Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (no federal mandamus jurisdiction over State employees). Thus, this claim cannot proceed.

Finally, to the extent that Bailey objects to having been prosecuted in both state and federal court, the claim also fails. Concurrent jurisdiction permits both state and federal sovereigns to prosecute the accused "for the same act or course of conduct." *Lewis v. United States*, 523 U.S. 155, 181 (1998) (Justice Kennedy dissenting). These claims too are dismissed.

At bottom, having construed Bailey's pleadings most favorably to him, the Court cannot find any legally cognizable claim that may proceed. Accordingly, the Petition must be dismissed.

A separate Order follows.

| 9/10/19 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |